OFFICIAL LOCAL FORM 3

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

## CHAPTER 13 PLAN COVER SHEET

| | | | |
|---|---|---|---|
| Filing Date: | 9/11/13 | Docket #: | 13-15394 |
| Debtor: | Kristene M. Alexander | Co-Debtor: | |
| SS#: | xxx-xx-8093 | SS#: | |
| Address: | 5 Tremont Street<br>Beverly, MA 01915 | Address: | |

| | |
|---|---|
| Debtor's Counsel: | Anthony Frate |
| Address: | 426 Main Street<br>Suite 1<br>Stoneham, MA 02180 |
| Telephone #: | 781-438-2800 |
| Facsimile #: | 781-723-6337 |

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE § 341 MEETING OR THIRTY (30) DAYS AFTER THE SERVICE OF AN AMENDED OR MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

# OFFICIAL LOCAL FORM 3

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

## PRE-CONFIRMATION CHAPTER 13 PLAN

### THIRD AMENDED CHAPTER 13 PLAN

Docket No.: **13-15394**

DEBTOR(S):   (H)  **Kristene M. Alexander**      SS# **xxx-xx-8093**

(W) _____      SS# _____

## I. PLAN PAYMENT AND TERM:

Debtor's shall pay monthly to the Trustee the sum of $ **777.00** for the term of:

☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

☒ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:

**Financial need** _____ ;or

☐ ____ Months. The Debtor states as reasons therefore:

_____

## II. SECURED CLAIMS

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | | Amount of Claim |
|---|---|---|---|
| **Chase** | **Pre-petition arrears** | $ | 41,481.03 |

Total of secured claims to be paid through the Plan  $        41,481.03

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | | Description of Claim |
|---|---|---|
| **Chase** | **First Mortgage** | |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **-NONE-** | | |

D. Leases:

    i.   The Debtor(s) intend(s) to reject the residential/personal property lease claims of
**-NONE-**

    ; or

    ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of **-NONE-**

    iii. The arrears under the lease to be paid under the plan are __0.00__ .

## III. PRIORITY CLAIMS

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | $ | |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | $ | |

Total of Priority Claims to Be Paid Through the Plan  $  __0.00__

## IV. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the plan):  $ __0.00__

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | $ | |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of __5__ % of their claims.

A. General unsecured claims:  $ __9,308.33__

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | $ | |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | Amount of Claim |
|---|---|---|
| **-NONE-** | $ | |

Total of Unsecured Claims (A + B + C):  $ __9,308.33__

D. Multiply total by percentage:  $ __476.97__
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| **-NONE-** | $ | |

Total amount of separately classified claims payable at ____ %  $ __0.00__

## VI. OTHER PROVISIONS

    A. Liquidation of assets to be used to fund plan:

    B. Miscellaneous provisions:

## VII. CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---|
| A) Secured claims (Section I-A Total): | $ | 41,481.03 |
| B) Priority claims (Section II-A&B Total): | $ | 0.00 |
| C) Administrative claims (Section III-A&B Total): | $ | 0.00 |
| D) Regular unsecured claims (Section IV-D Total):+ | $ | 476.97 |
| E) Separately classified unsecured claims: | $ | 0.00 |
| F) Total of a + b + c + d + e above: | =$ | 41,958.00 |
| G) Divide (f) by .90 for total including Trustee's fee: | | |
| Cost of Plan= | $ | 46,620.00 |

(This represents the total amount to be paid into the Chapter 13 plan)

H. Divide (G), Cost of Plan, by Term of Plan,  **60** months

I. Round up to nearest dollar for Monthly Plan Payment: $ **777.00**

(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a) (1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

## VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **5 Tremont Street, Beverly, MA, joint owner, single family house** | $ 389,000.00 | $ 327,392.32 |

| | |
|---|---|
| Total Net Equity for Real Property: | $ 61,607.68 |
| Less Exemptions (Schedule C): | $ 61,607.68 |
| Available Chapter 7: | $ 0.00 |

B. Automobile (Describe year, make and model):

**2001 PT Cruiser, about 165,800 miles**  Value $ **500.00**  Lien $ **0.00**  Exemption $ **500.00**

| | |
|---|---|
| Total Net Equity: | $ 500.00 |
| Less Exemptions (Schedule C): | $ 500.00 |
| Available Chapter 7: | $ 0.00 |

C. All other Assets (All remaining items on Schedule B): (Itemize as necessary)

| |
|---|
| **Cash** |
| **Bank account** |
| **Bank account** |
| **Returned money orders, uncashed** |
| **Bank account** |
| **Household goods, furnishings** |
| **Books, pictures** |
| **Wearing apparel** |
| **Jewelry** |
| **Two saddles** |
| **Claim against Michael Finkle liquidated bartering claim, virtually uncollectable** |
| **Household pets** |

Total Net Value:            $ 5,039.16
Less Exemptions (Schedule C):   $ 5,039.16
Available Chapter 7:        $ 0

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:  $                    0

E. Additional Comments regarding Liquidation Analysis:


IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

/s/ Anthony Frate                                          **August 12, 2014**
**Anthony Frate**                                                Date
Debtor's Attorney
Attorney's Address:  **426 Main Street**
**Suite 1**
**Stoneham, MA 02180**
Tel. #:         **781-438-2800 Fax:781-723-6337**
Email Address:  **fratelaw@verizon.net**

**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.**

Date  **August 12, 2014**              Signature  /s/ Kristine M. Alexander
                                                  **Kristene M. Alexander**
                                                  Debtor

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BANKRUPTCY DIVISION

| | |
|---|---|
| In Re: ) | Chapter 13 |
| Kristen M. Alexander ) | No. 13-15394 |
| Debtor ) | |

## Certificate of Service

I, Anthony Frate, certify that on August 12, 2014, I caused to be served a copy of the Debtor's Amended Chapter 13 Plan with motion to amend to be served to the trustee by automatic electronic service and to the attached service list by first class mail, postage prepaid.

Dated: August 12, 2014

/s/ Anthony Frate
Anthony Frate, Esq.
426 Main Street, Suite 1
Stoneham, MA 02180
781-438-2800
BBO No. 567093

Wells Fargo
c/o Asset Acceptance LLC
PO Box 2036
Warren, MI 48090

Chase Records Center
Attn: Correspondence Mail
Mail Code LA4-5555
700 Kansas Lane
Monroe, LA 71203

Comcast
1130 Northchase Pkwy. Ste.
Marietta, GA 30067

Lindner & Associates
PO Box 327
Randolph, MA 02368

Laura D. Sannicandro
Orlans Moran PLLC
411 Waverly Oaks Rd.
Suite 337
Waltham, MA 02452

Scott Stanford
5 Beverly Commons Drive
Beverly, MA 01915

Seventh Avenue
c/o Creditors Bankruptcy Service
P.O. Box 740933
Dallas, TX 75374

WFF Cards
3201 N. 4th Ave.
Sioux Falls, SD 57104

FIA Card Services
c/o American InfoSource LP as agent for
Midland Funding LLC
PO Box 268941
Oklahoma City, OK 73126-8941